# ORIGINAL

1  edwardfaisaople

2  LEONARDO M. RAPADAS
   United States Attorney
3  ROSETTA L. SAN NICOLAS
   Assistant U.S. Attorney
4  Suite 500, Sirena Plaza
   108 Hernan Cortez Avenue
5  Hagatna, Guam 96910
   Telephone: (671) 472-7332
6  Telecopier: (671) 472-7334

7  Attorneys for the United States of America

**FILED**
DISTRICT COURT OF GUAM

FEB 21 2007 nbw

MARY L.M. MORAN
CLERK OF COURT

9      IN THE UNITED STATES DISTRICT COURT

10         FOR THE DISTRICT OF GUAM

12  UNITED STATES OF AMERICA,      )   CRIMINAL CASE NO. 07-00005 tc
                                   )                      06-00005
13                      Plaintiff, )
                                   )   **A M E N D E D**
14              vs.                )   **PLEA AGREEMENT**
                                   )
15  EDWARD A. FAISAO,              )
                                   )
16                      Defendant. )
                                   )
17  _____ )

**FILED**
DISTRICT COURT OF GUAM

FEB 26 2007

MARY L.M. MORAN
CLERK OF COURT

18      Pursuant to Rule 11(c)(1)(A), the United States and the defendant, EDWARD A.

19  FAISAO, enter into the following plea agreement:

20      1. The defendant agrees to plead guilty to Count I of the Indictment charging him with

21  Felon in Possession of a Firearm in violation of Title 18, United States Code, Sections 922(g)(1)

22  and 924(a)(2). Upon sentencing, the government will dismiss Count II.

23      2. The United States agrees not to prosecute defendant for any other non-violent

24  offenses which were committed in the Districts of Guam or the Northern Mariana Islands (NMI)

25  which defendant reveals to Federal authorities during his cooperation with the United States.

26  This agreement is limited to crimes committed by defendant in the Districts of Guam or the NMI.

-1-

3(a). The defendant, EDWARD A. FAISAO, understands that the <u>maximum</u> sentence for Felon in Possession of a Firearm is ten (10) years incarceration, a $250,000 fine, and a $100 special assessment fee, which must be paid at the time of sentencing. Any sentence imposed may include a term of not more than three (3) years supervised release in addition to such terms of imprisonment. Defendant understands that if he violates a condition of supervised release at any time prior to the expiration of such term, the court may revoke the term of supervised release and sentence him up to an additional two (2) years of incarceration pursuant to 18 U.S.C. § 3583(e)(3).

(b) If defendant is sentenced to pay a fine and is financially unable to immediately pay the fine in full, defendant agrees to make a full disclosure of his financial status to the United States Attorney's Office by completing a Financial Disclosure Form (OBD-500) for purpose of fixing a monthly payment schedule. Defendant understands that, by law, interest accrues on any remaining balance of the debt.

4. The defendant understands that to establish a violation Felon in Possession of a Firearm as charged pursuant to 18 U.S.C. §§ 922(g)(1) and 924(a)(2), the government must prove each of the following elements beyond a reasonable doubt:

<u>First</u>: the defendant knowingly possessed a Mossberg, .12 gauge shotgun, model 835, Serial Number obliterated, firearm;

<u>Second</u>: the Mossberg, .12 gauge shotgun, model 835, Serial Number obliterated, had been shipped or transported in interstate commerce at some time during or before the defendant's possession of it.

<u>Third</u>: at the time the defendant possessed the Mossberg, .12 gauge shotgun, model 835, Serial Number obliterated, firearm, the defendant has been convicted of a crime punishable by imprisonment for a term exceeding one year, a felony offense, to wit: one count of Family Violence (As a Third Degree Felony), on November 24, 1999, under Superior Court of Guam Case No. CF445-95;

5. The defendant agrees that the Sentencing Guidelines apply to this offense. The defendant also understands that the facts he stipulates to herein will be used in calculating the applicable guidelines level. The government and the defendant stipulate to the following facts:

(a) The defendant was born in 1957, and is a citizen of the United States.

-2-

(b) On November 24, 1999, defendant EDWARD A. FAISAO was convicted of a felony offense, that is a crime punishable by imprisonment for a term exceeding one year, to wit: one count of Family Violence (As a Third Degree Felony), under Superior Court of Guam Case No. CF445-95;

( c) On March 5, 2003, in the District of Guam, Conservation Officers Sgt. J.B. Camacho and Sgt. M.A. Reyes heard the sounds of gunshots coming from the Andersen Air Force Base area. They saw the defendant EDWARD A. FAISAO holding a .12 gauge shotgun. The Officers then saw the defendant throw the firearm onto the ground. The Officers recovered a Mossberg, .12 gauge shotgun, model 835, Serial Number obliterated. Defendant EDWARD A. FAISAO then admitted that he was in possession of the firearm and that he obtained it by exchanging a stereo for the firearm.

(d) The firearm, a Mossberg, .12 gauge shotgun, model 835, Serial Number obliterated, had been shipped in interstate or foreign commerce.

6. The defendant understands that notwithstanding any agreement of the parties, the United States Probation Office will make an independent application of the Sentencing Guidelines. The defendant acknowledges that should there be discrepancies in the final sentencing guidelines range projected by his counsel or any other person, such discrepancies are not a basis to withdraw his guilty plea.

7. The government agrees that the defendant has assisted authorities in the investigation and prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and the government and the Court to allocate their resources efficiently, and that in the event the defendant qualifies for a decrease under U.S.S.G. §3E1.1(a), the government will move the Court to decrease the offense level by one (1) additional level under U.S.S.G. §3E1.1(b).

8. The defendant understands and agrees that if he should breach this plea agreement, he will be fully subject to criminal prosecution for other crimes including the counts which were to

-3-

1  be dismissed. In any such prosecution, the prosecuting authorities, whether Federal, State, or

2  Local, shall be free to use against him, without limitation, any and all information, in whatever

3  form, that he has provided pursuant to this plea agreement or otherwise; defendant shall not

4  assert any claim under the United States Constitution, any statute, Rule 11(f) of the Federal Rules

5  of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other provision of law,

6  to attempt to bar such use of the information.

7       9. In exchange for the government's concessions in this plea agreement, the defendant

8  waives any right to appeal or to collaterally attack this conviction but reserves the right to appeal

9  the sentence imposed in this case. The defendant understands and agrees that the government

10  has bargained for a criminal conviction arising from his criminal conduct. If at any time

11  defendant's guilty plea or conviction is rejected, withdrawn, vacated or reversed, for whatever

12  reason, or is rendered invalid for any reason, or if any change of law renders the conduct for

13  which he was convicted to be non-criminal, defendant agrees that he will enter a guilty plea to

14  another charge encompassing the same or similar conduct. In such event, defendant waives any

15  objections, motions or defenses based upon the Statute of Limitations, Speedy Trial Act, or

16  constitutional restrictions as to the time of bringing such charges.

17       10. The defendant acknowledges that he has been advised of his rights as set forth below

18  prior to entering into this plea agreement. Specifically, defendant has been fully advised of, has

19  had sufficient opportunity to reflect upon, and understands the following:

20       (a) The nature and elements of the charge and the maximum possible penalty provided

21  by law;

22       (b) His right to be represented by an attorney;

23       (c) His right to plead not guilty and the right to be tried by a jury and at that trial, the

24  right to be represented by counsel, the right to confront and cross-examine witnesses against him,

25  and the right not to be compelled to incriminate himself, that is, the right not to testify;

26       (d) That if he pleads guilty, there will not be a further trial of any kind on the charges to

27

28                                                 -4-

which such plea is entered so that by entering into this plea agreement, he waives, that is, gives up, the right to a trial;

(e) That, upon entry of a plea of guilty, or thereafter, the Court may ask his questions about the offenses to which he has pled, under oath, and that if he answers these questions under oath, on the record, his answers may later be used against him in prosecution for perjury or false statement if an answer is untrue;

(f) That he agrees that the plea agreement is voluntary and not a result of any force, threats or promises apart from this plea agreement;

(g) That he reads, speaks, writes and understands English;

(h) That he has read this agreement, and he fully understands it;

(I) The defendant is satisfied with the representation of his lawyer and feels that his lawyer has done everything possible for his defense.

11. This Plea Agreement states the complete and only Agreement between the United States Attorney for the District of Guam and the Northern Mariana Islands and the defendant, supersedes all prior understandings, if any, whether written or oral, and cannot be modified other than by a writing that is signed by all parties or is on the record in Court. No other promises or inducements have been or will be made to the defendant in connection with this case, nor have any predictions or threats been made in connection with this plea.

~~12. In exchange for the Government's concessions in this Plea Agreement, the defendant waives any right to appeal or to collaterally attack this conviction but reserves the right to appeal the sentence imposed in this case. The defendant understands and agrees that the government has bargained for a criminal conviction arising from his criminal conduct. If at any time defendant's guilty plea or conviction is rejected, withdrawn, vacated or reversed, for whatever reason, or rendered invalid for any reason, or if any change of law renders the conduct for which he was convicted to be non-criminal, defendant agrees that he will enter a guilty plea to another charge encompassing the same or similar conduct. In such event, defendant waives any~~

-5-

1  ~~objections, motions or defenses based upon the Statute of Limitations, Speedy Trial Act, or~~

2  ~~constitutional restrictions as to the time of bringing such charges.~~

4  DATED: 2/20/07

5  _Edward Faisao_
   EDWARD A. FAISAO
   Defendant

7  DATED: 2/20/07

8  _Richard Arens_
   RICHARD ARENS
   Attorney for Defendant

10  LEONARDO M. RAPADAS
    United States Attorney
11  Districts of Guam and NMI

13  DATED: 2/20/7                     :

    _Rosetta San Nicolas_
    ROSETTA L. SAN NICOLAS
14  Assistant U.S. Attorney

16  DATED: 2/21/07

    _Jeffrey Strand_
    JEFFREY J. STRAND
17  First Assistant U.S. Attorney

-6-